ON MOTION TO DISMISS
FERGUSON, Judge.
The issue on this appeal is whether a good faith settlement between a minor-plaintiff and his parents bars a third-party claim brought by defendants against the parents alleging negligent supervision as a contributing cause of the minor’s injuries. We hold that it does and dismiss the appeal from the order dismissing the third-party claim.
The minor plaintiff, Kenneth Berry, was permanently injured when he was unexpectedly struck in the head by the arm of a baseball pitching machine. Unknown to the minor-plaintiff, the machine was capable of firing though not in use and not connected to a power source. The minor-plaintiff by his parents commenced this products liability case against the defendants, all of whom were involved in either manufacture or distribution of the machine.
While the action was pending, two of the defendants filed a claim for contribution against the parents of the minor-plaintiff. The trial court dismissed the claim for contribution from which an appeal was taken.
While the appeal was pending this court issued an opinion in Quest v. Joseph, 392 So.2d 256 (Fla. 3d DCA 1981) holding that an action for contribution may be maintained against the parent of an injured minor child-plaintiff notwithstanding the child’s inability to sue the parent directly even when the parent’s liability involves negligent supervision of the child.
Soon after this court’s opinion in Quest, the First District Court of Appeal in Ard v. Ard, 395 So.2d 586 (Fla. 1st DCA 1981) ruled that an unemancipated minor child may maintain a negligence action against his parent. Both Quest and Ard were certified to the supreme court.
On May 27, 1981 this court relinquished jurisdiction of the case to the trial court for the purpose of permitting a review and approval of a settlement of all potential claims between the minor and his parents. Thereafter the trial court approved what it found to be a good faith settlement between the minor and his parents to the limits of a $50,000.00 policy. The case is before this court on the parents’ motion to dismiss the appeal from the order dismissing the claim for contribution.
It is undisputed, that pursuant to Sections 768;31(5)(a) and (b), Florida Statutes (1979), Uniform Contribution Among Tortfeasors Act, a good faith settlement (1) discharges the tortfeasor to whom it is given and (2) does not necessarily discharge any of the other tortfeasors from liability but reduces the claim against the others to the extent of any amounts stipulated by the release. Appellants agree that if the supreme court holds that parents can be liable as joint tortfeasors within the meaning of the statute then the settlement renders moot this appeal. Their argument is that this appeal should not be dismissed but stayed pending a decision by the supreme court in Quest and Ard because if it is held that parents are not persons “jointly or severally liable in tort” for the same injury, then Section 768.31 does not apply, the appellants are entitled to contribution, and the settlement is immaterial.
Appellees contend that a determination of the issue raised by this motion to dismiss is not dependent on the outcome of Quest and Ard; if the supreme court holds that parents are not liable in tort, no right to contribution ever arose.
*337 By filing a third-party complaint for contribution, appellants necessarily contend that if they are liable then the parents are joint tortfeasors. In opposing the dismissal of the third-party complaint, they now argue that the parents are not persons who can be joint tortfeasors within the meaning of the statute. The two positions are facial contradictions. Appellants cite no authority for the suggestion that parents as joint tortfeasors may be exempt from Section 768.31. Nor do we perceive of any policy reason for precluding a parent tortfeasor from perfecting a good faith settlement of potential liability.
There is no need to further stay this appeal from the order dismissing the third-party complaint for contribution. Resolution by the supreme court of the certified questions in Quest and Ard will have no effect on the issue raised herein. If the parents are not persons who may be jointly or severally liable in tort for injuries to their children, then the settlement was for a non-existent liability. If the parents are persons who may be jointly liable in tort for injuries to their minor children then the statute applies and the settlement discharges the parents from all liability for contribution to other tortfeasors. We cite with approval the analysis and result in Fuquay v. General Motors Corp., 518 F.Supp. 1065 (M.D.Fla.1981) dismissing a claim for contribution where husband settled with his wife even though wife, because of inter-spousal immunity doctrine, could not have sued husband directly.
Appeal dismissed.